UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA,

                          Plaintiff,

                  -against-

CLEAR BLUE INSURANCE COMPANY,

                          Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, CLEAR BLUE INSURANCE COMPANY ("Clear Blue"), alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Clear Blue is obligated to defend and to indemnify JT Magen & Company Inc. ("JT Magen") and RXR Realty LLC ("RXR") (collectively the "Tort Defendants") in connection with an underlying action against those entities asserting claims for injuries allegedly sustained by Bentley Harry (the "Claimant").

### Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Clear Blue was and is an Illinois corporation with a principal place of business in Puerto Rico licensed to conduct business in New York.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Clear Blue.

7. Travelers has no adequate remedy at law.

## Insurance Policies

8. Travelers issued to JT Magen Commercial General Liability VTC2J-CO-828K6622-TIL-17 with effective dates 9/30/2017 to 09/30/2018 (the "Travelers Policy").

9. The Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. The Travelers Policy contains excess "other insurance" clauses that provide that coverage under the Travelers Policy is excess over any other coverage available to JT Magen and/or RXR as an additional insured.

11. Defendant Clear Blue issued to TopRock Interiors, Inc. ("TopRock") Commercial

General Liability Policy AF01-00092-01 with effective dates of 11/15/2019 to 11/15/2020 (the "Clear Blue Policy").

12. The Clear Blue Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. Upon information and belief, the Clear Blue Policy provides coverage to JT Magen and RXR as additional insureds.

## Background Facts

14. On or about May 21, 2018, JT Magen and TopRock entered into an agreement performance of certain work at 450 Lexington Avenue, 40th Floor, New York, NY (the "Premises") (the "Subcontract Agreement").

15. The Agreement requires that TopRock obtain the following insurance:

> 19. Subcontractor will submit project specific insurance documents including but not limited to specified endorsements, (ISO Forms CG 20 10 10 01 or CG 20 33 07 04 or CG 20 10 07 04 with CG 20 37 07 04 and CG 24 04 05 09 and WC 00 03 13) specifically naming JTM, Owner, their officers, directors, agents and employees, Building Owner, Landlord, Managing Agent, Lender and all applicable additional indemnitees, if any, their respective agents, officers, directors, employees and partners and all entities listed on "Exhibit S" hereto (or as subsequent modified hereinafter collectively "Indemnitees") as an additional insured afforded on a primary and non-contributory basis under all liability coverages, executed ACORD form 855 NY (2014/05), signed hold harmless agreements and a copy of the Declarations form as required by Indemnitees before staring any work. In addition, the insurance and indemnification provisions are set forth as per yearly requirements requested by JTM in a separate Blanket coverage form, declarations page and blanket CG 20 10 11 85 or CG 20 33 07 04 or CG 20 10 07 04 with CG 20 37 07 04 and CG 24 04 05 09 and WC 00 03 13 specifically listed general liability policy numbers and named insured on each. . . .

16. The Certificate of Insurance incorporated into the Agreement lists RXR as an

additional insured.

17. At all times relevant, RXR was the owner and/or managing agent of the Premises.

18. The Claimant was allegedly injured on December 23, 2019 while performing work in the course and scope of his employment with Donaldson at the Premises pursuant to the Agreement.

19. The Claimant has asserted claims in a lawsuit against the Tort Defendants, among others, in the Supreme Court of the State of New York for the County of New York which was assigned Index No. 157592/2020 (the "Underlying Action").

20. In the Underlying Action, the Claimant alleges, *inter alia*, that he was TopRock's employee performing work at the construction site at the Premises when was caused to sustain certain injuries.

21. In the Underling Action, the Claimant asserts various claims against JP Magen and RXR for the failure to provide him with proper and necessary equipment.

22. Travelers is defending JT Magen as Travelers' named insured. Travelers is also defending RXR as an additional insured in the Underlying Action pursuant to the terms of the Travelers Policy.

23. In the Underlying Action, the Claimant seeks to recover for alleged injuries which were caused in whole or in part by TopRock's acts or omissions or the acts or omissions of those acting on TopRock's behalf.

### Tender to Clear Blue

24. JT Magen and RXR qualify as additional insureds under the Clear Blue Policy.

25. By correspondence dated September 6, 2018, Travelers timely notified Clear Blue of the Claimant's alleged injury and demanded that Clear Blue defend and indemnify JT Magen

and RXR under the Clear Blue Policy.

26. Clear Blue has failed and refused to accept the defense and indemnification of the Tort Defendants in connection with the Underlying Action.

27. Accordingly, Travelers seeks a declaration that Clear Blue has an obligation to defend and indemnify JT Magen and RXR as additional insureds; that the coverage provided by the Clear Blue Policy is primary; and that the obligations of Travelers to JT Magen and RXR in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Clear Blue Policy.

28. In addition, Travelers seeks an award at law and in equity against Clear Blue for recovery of all sums Travelers has incurred and continues to incur in the defense of JT Magen and RXR in the Underlying Action because the coverages provided by the Clear Blue Policy are primary to any coverage provided by Travelers.

## **Claim for Declaratory Relief**

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Clear Blue Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Clear Blue Policy have been complied with and met.

3. Declaring that the alleged incident and Underlying Action fall within the coverage afforded by the Clear Blue Policy.

4. Declaring that Defendant Clear Blue owes a duty to defend JT Magen and RXR in connection with the Underlying Action.

5. Declaring that Defendant Clear Blue owes a duty to indemnify JT Magen and RXR in connection with the Underlying Action.

6. Declaring that Defendant Clear Blue's coverage obligations to JT Magen and RXR in connection with the Underlying Action are primary.

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Defendant Clear Blue with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Clear Blue with respect to Clear Blue's duty to defend and to indemnify JT Magen and RXR in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Clear Blue for all sums Travelers has paid in defending JT Magen and RXR as to the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.


Dated: Hartford, Connecticut
       May 26, 2021

**RESPECTFULLY SUBMITTED:**

**KEANE & ASSOCIATES**


By:  /s/Meg R. Reid
     Meg R. Reid, Esq.
     Attorneys for Plaintiff
     The Travelers Property Casualty Company
     of America
     Main: 917.778.6680
     Fax: 844.571-3789
     Email: mrreid@travelers.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address</u>:
485 Lexington Avenue, 6th Floor
New York, NY 10017