UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TRAVELERS PROPERTY & CASUALTY COMPANY                Docket No.
OF AMERICA                                           1:21-cv-4721 (PGG)

                    Plaintiff,

      -against-

CLEAR BLUE INSURANCE COMPANY

                    Defendant.
-----------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**



STONBERG MORAN, LLP
Attorneys for Defendant
CLEAR BLUE SPECIALTY INSURANCE
COMPANY, sued herein incorrectly as
CLEAR BLUE INSURANCE COMPANY


By: _____
  Sherri N. Pavloff (SP-5373)
  505 Eighth Avenue, Suite 2302
  New York, New York   10018
  (212) 231-2220
  File No.: 40426
  Sherri.pavloff@stonbergmoran.com

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** …………………………………………………………….1

**COUNTER-STATEMENT OF FACTS**…………………………………………………..……1

**ARGUMENT**

POINT I: CBSIC DOES NOT OWE A DEFENSE TO J.T. MAGEN OR RXR FOR THE UNDERLYING SUIT…………….....……………………………………………………..4

POINT II: IN THE ALTERNATIVE, TRAVELERS DUTY TO DEFEND IS NOT EXCESS OVER CBSIC'S DUTY TO DEFEND; RATHER THE TWO INSURERS CO-INSURE J.T. MAGEN AND RXR………..…………………………………....……..8

POINT III: TO THE EXTENT THAT CBSIC IS FOUND TO PROVIDE A DEFENSE TO RXR AND J.T. MAGEN, A HEARING IS REQUIRED TO DETERMINE THE AMOUNT AND REASONABLENESS OF THE PAST FEES TO WHICH TRAVELERS IS ENTITLED AND TO DETERMINE HOW TO STRUCTURE THE DEFENSE MOVING FORWARD………………………………………………………………....…10

**CONCLUSION**………………………………………………………………………………12

# TABLE OF AUTHORITIES

## Cases

*Agriculture Ins Co., Inc. v. ACE Hardware Corp.*, 214 F. Supp.2d 413, 415-16 (SDNY 2022)..................7

*Allstate Ins. Co. v. Aetna Cas. & Sur Co.*, 326 F.2d 871, 876 (2d Cir. 1964) ...............................8

*Arch Specialty v. Farm Family*, 238 F. Supp. 3d 604, 616 (SDNY 2017) ...............................11

*Astorga v. Allstate Oil Recovery, Co,*, 2018 WL 1441377 at *3 (SDNY 2018)...........................7

*Axis Constr. Corp. v. Travelers Ind. Co.*, 2021 WL 3912562 (EDNY 2021)...............................8

*Burlington Ins. Co. v. NYCTA*, 29 N.Y.3d 313, 323 (2017) ...............................................4

*Clubside, Inc. v. Valentin*, 468 F.3d 144, fn 5 (2d Cir. 2006)...........................................11

*Cruz v. Local Union 3*, 34 F.3d 1148, 1160 (2d Cir. 1994) ...............................................11

*DRK LLC v. Burlington Ins. Co.*, 74 A.D.3d 693, 694 (1st Dept 2010) ....................................4

*First Investors Corp. v. Liberty Mut.*, 152 F.3d 162, 166 ((2d Cir. 1998) ..............................4

*Ford Motor Credit Co. v. Meehan*, 2021 WL 7906560 (EDNY 2020) ........................................11

*Great Northern Ins. Co. v. Mount Vernon Fire Ins. Co.*, 92 N.Y.2d 682 (1999) .........................8

*Hanover Ins. Co. v. Philadelphia Indemnity Ins. Co.*, 159 A.D.3d 587 (1st Dept. 2018) .................5

*Harrington Haley LLP v. Nutmeg Ins. Co.*, 39 F. Supp.2d 403 (SDNY 1999). .............................11

*Hawthorne v. South Bronx*, 78 N.Y.2d 443 (1991)........................................................5

*HRH Constr. Corp. v. Commercial Underwriters Ins. Co.*, 11 A.D.3d 321, 323 (1st Dept. 2004) ...........8

*In Re Platinum-Beechwood Litigation*, 469 F. Supp.3d 105, fn 15 (SDNY 2020)...........................11

*Liberty Surplus Ins. Corp. v. Segal Co.*, 142 Fed. Appx. 511, 515 (2d Cir. 2005) .....................4

*LM Insurance Corporation v. Federal Insurance Company*, __ F. Supp.3d ___, 2022 WL 463830 (SDNY February 15, 2022)....................................................................................5

*Muzak Corp. v. Hotel Taft Corp.*, 1 N.Y.2d 42, 46-47 (1956)............................................4

*Northville Indus. Corp. v. National Union Fire Ins. Co,* 89 N.Y.2d 621, 634–35 (1997) ................4

*Ohio Security Ins. Co. v. Travelers Indemnity Co. of Conn.*, 2021 WL 797670 (SDNY 2021) .............5, 6

*Pablo Star Ltd. v. Welsh Gov't*, 378 F. Supp.3d 300 (SDNY 2019)........................................11

*Palazzo v. Hartford*, 10 A.D.3d 711, 712 (2d Dept. 2004)...............................................7

*Pennsylvania Mfrs. Ass'n v. Liberty Mut. Ins. Co.*, 39 A.D.3d 1161, 1162 (4th Dept. 2007) ............7

*Pioneer Central School Dist. v. Preferred Mut. Ins. Co.*, 165 A.D.3d 1646 (4th Dept. 2018)............5

*Rizzuto v. L.A. Wener Contracting Co., Inc.*, 91 N.Y.2d 343, 349-350 (1998) ..........................6

*Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 239 (2d Cir. 1999)......................................7

*State Farm v. LiMauro*, 65 N.Y.2d 369, 374 (1985) ....................................................8

*Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) ...................................................11

*Travelers v. Wesco*, 2022 WL 376147 (SDNY February 8, 2022). ........................................9

*UPS v Lexington*, 983 F. Supp.2d 258, 268 (SDNY 2013)................................................11

*Ward v. County of Alleghany*, 34 A.D.3d 1288 (4th Dept. 2006)**……………………………………….……7**

## Statutes

Labor Law §240 ........................................................................................5

Labor Law §241.........................................................................................5

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to TRAVELERS PROPERTY & CASUALTY COMPANY OF AMERICA ("Travelers") or ("Plaintiff") motion for partial summary judgment. Contrary to Plaintiff's motion, CLEAR BLUE SPECIALTY INSURANCE COMPANY, sued herein incorrectly as CLEAR BLUE INSURANCE COMPANY ("CBSIC") has no obligation to defend J.T. Magen & Company Inc. ("J.T. Magen") or RXR Realty LLC ("RXR") for an accident that occurred on August 10, 2018 to Bentley Harry ("Harry"), who alleges that he was injured while working at 450 Lexington Ave., 40th Floor ("Premises") and who thereafter sued J.T. Magen and RXR Realty LLC ("Underlying Suit") because the mere fact that Harry was the employee of Toprock Interiors, Inc. ("Toprock") does not, as Travelers argues, trigger a duty to defend.  In the alternative, CBSIC asserts that if it owes a duty to defend, said obligation is co-primary with Travelers' admitted obligation to defend J.T. Magen and RXR.

## COUNTER-STATEMENT OF FACTS

As set forth in CBSIC's Response to Plaintiff's Statement of Undisputed Facts, the Underlying Suit and Bill of Particulars contain a blunderbuss of allegations regarding J.T. Magen's and RXR's failure to provide Harry with a safe place to work.  (Exhibits 3 and 10 to Plaintiff's Statement of Material Facts).  RXR specifically contracted with J.T. Magen for J. T. Magen to supervise and direct the work.  The Contract between J.T. Magen and RXR placed the sole responsibility for the construction means and methods on J.T. Magen (A 201 §3.3); required J.T. Magen to provide all equipment necessary to complete the work (A 201 §2.3); and placed the responsibility for safety of all workers at the construction site on J. T. Magen (A 201 § 10.2). (Exhibit "A" to Defendant's Statement of Material Facts Not in Dispute). The Contract also

required that J.T. Magen provide primary and non-contributory insurance for the benefit of RXR. (Exhibit A, pages TRV000267, TRV000313-314).

Travelers issued a policy of insurance to J.T. Magen (Exhibit 1 to Plaintiff's Statement of Material Facts). In its Complaint in this matter, Travelers asserted that it is defending RXR as an additional insured on the Travelers Policy. The Travelers Policy contains the following relevant additional insured endorsements:

**ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.  SCHEDULE

Name of Person or Organization:

- RXR PO Owner LLC
- RXR Construction Services LLC
- RXR Construction & Development MRE LLC
- RXR Property Management LLC
- RD Realty LLC, its affiliated and/or subsidiary companies as exist now or may exist in the future
- American Industrial Partners
- TKO Project Management
- Carlyle Development Services, LLC • NELSON

Proj # (18-0036-EE&AIE) American Industrial Partners.@ 450 Lexington Avenue, New York, NY 10017

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Section** II - **Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

(Exhibit 1 to Plaintiff's Statement of Material Facts, TRV000864).

The Travelers Policy also contains a Blanket Additional Insured Endorsement:

2

Blanket Additional Insured (Contractors)

. . .

1. WHO IS AN INSURED - (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

    a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

    b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. . .

3. The insurance provided to the additional insured by this endorsement is excess over any valid and collectible "other insurance", whether primary, excess, contingent or on any other basis, that is available to the additional insured for a loss we cover under this endorsement. However, if the 'written contract requiring insurance" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to "other insurance" available to the additional insured which covers that person or organization as a named insured for such loss, and we will not share with that "other insurance". But the insurance provided to the additional insured by this endorsement still is excess over any valid and collectible "other insurance", whether primary, excess, contingent or on any other basis, that is available to the additional insured when that person or organization is an additional insured under such "other insurance".

(Exhibit 1 to Plaintiff's Statement of Material Facts, TRV 000490).

The only relevant additional insured endorsement contained within the CBSIC Policy

extends coverage to J.T. Magen and RXR

but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

In the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

Exhibit 2 to Plaintiff's Statement of Material Facts.

## ARGUMENT

## POINT I

## CBSIC DOES NOT OWE A DEFENSE TO J.T. MAGEN OR RXR FOR THE  UNDERLYING SUIT

Plaintiff's argument that CBSIC must defend J.T. Magen and RXR the Underlying Suit stems from its oversimplified recitation of the law regarding an insurer's defense obligation.  While the duty to defend is broader than the duty to indemnify, the duty to defend is not without limits and "a court should not attempt to impose the duty to defend on an insurer through a strained, implausible reading of the complaint that is linguistically conceivable but tortured and unreasonable." *First Investors Corp. v. Liberty Mut.*, 152 F.3d 162, 166 ((2d Cir. 1998), *quoting Northville Indus. Corp. v. National Union Fire Ins. Co.,* 89 N.Y.2d 621, 634–35 (1997).

Although there are two additional insured endorsements included in the CBSIC Policy, the more specific endorsement, which identifies J.T. Magen and RXR as additional insureds controls. *Muzak Corp. v. Hotel Taft Corp.*, 1 N.Y.2d 42, 46-47 (1956); *Liberty Surplus Ins. Corp. v. Segal Co.*, 142 Fed. Appx. 511, 515 (2d Cir. 2005); *DRK LLC v. Burlington Ins. Co.,* 74 A.D.3d 693, 694 (1st Dept 2010). That endorsement only extends additional insured coverage for injuries "caused in whole or in part" by Toprock's acts or omissions in the performance of its ongoing operations.

In *Burlington Ins. Co. v. NYCTA*, 29 N.Y.3d 313, 323 (2017), the New York Court of Appeals explained that this endorsement triggers additional insured coverage "where the named insured is the proximate cause of the injury."  The Court of Appeals further explained that such endorsement extends additional insured coverage "for damage resulting from [the named insured's] negligence or some other actionable "acts or omissions."" *Id.*

4

The "caused in whole or in part" additional insured endorsements do not trigger a duty to defend merely because the injured plaintiff is an employee of the party from whose insurer the coverage is sought. *See, e.g., LM Insurance Corporation v. Federal Insurance Company*, __ F. Supp.3d ___, 2022 WL 463830 (SDNY February 15, 2022); *Ohio Security Ins. Co. v. Travelers Indemnity Co. of Conn.*, 2021 WL 797670 (SDNY 2021); *Hanover Ins. Co. v. Philadelphia Indemnity Ins. Co.,* 159 A.D.3d 587 (1st Dept. 2018); *Pioneer Central School Dist. v. Preferred Mut. Ins. Co.*, 165 A.D.3d 1646 (4th Dept. 2018). Rather, there must be some reason to conclude that the employer may have proximately caused the accident.

Accordingly, in *LM Insurance*, Judge Daniels refused to require the insurer for the employer, a cleaning company, to provide a defense to an owner and lessee for an accident that occurred while an employee of the cleaning company was cleaning a revolving door when a glass panel detached and fell on her. The Court explained that the allegation that the employee was "cleaning the door in an unsafe manner" (2022 WL 463830 at *5) was insufficient to trigger a duty to defend because:

> None of the undisputed facts or inferences lead to the conclusion that PBM may have been the proximate cause of an unsafe revolving door that had a glass panel dislodge from its holding. PBM nor Guzman owned the door nor oversaw maintenance of the door. The underlying pleadings simply show that PBM, at most, "merely furnished the occasion for the injury."

*Id.* at *6.

Similarly, in *Ohio Security*, the Court adopted Travelers' argument that it owed no additional insured coverage to a contractor at a jobsite under a policy of insurance issued by Travelers to the employer of the injured plaintiff. The employee worked for an HVAC subcontractor and alleged he was injured when, while working, he tripped. The complaint against the contractor sounded in negligence as well as violations of NY Labor Law §240 and 241, which

impose vicarious liability on owners and general contractors without the need to prove negligence. *Rizzuto v. L.A. Wener Contracting Co., Inc.*, 91 N.Y.2d 343, 349-350 (1998).  Judge Nathan rejected the argument that merely because (1) the plaintiff was an employee of the entity from whose insurer additional insured coverage was sought; and (2) violations of New York's Labor Laws were alleged; the insurer for the employer owed the contractor a duty to defend:

> The provisions of the New York Labor Law that Mena relies on impose nondelegable duties on property owners to maintain safe premises. . . A property owner's liability under these provisions is primary, not derivative of negligence by a contractor or subcontractor. In support of those claims, Mena repeats and re-alleges the other factual allegations in his complaint—that is, the allegations of negligent primary conduct by the first-party defendants. Thus, the first-party defendants' "potential liability in the underlying action is for [their] own independent acts or omissions.". . . Nothing in the complaint even hints at a claim based on negligence by [the employer].  To the contrary, Mena attributes his injuries "solely and wholly" to the first-party defendants.

*Ohio Security*, 2021 WL 797670 at *4.  Judge Nathan also rejected reliance on the bill of particulars.

In fact, Judge Nathan rejected the argument Travelers makes herein that because, in its contract, the employer assumed responsibility for safety issues related to its employees' work, such contractual obligation triggered the duty to defend because nothing in the contract suggested that the employer was responsible for hazards it did not create.  *Id,* at *5.

In the within action, there is no allegation that the ladder the Plaintiff claimed he fell from was either provided by Toprock or was defective.  To the contrary, in addition to the voluminous broad allegations in the complaint that J.T. Magen and RXR failed to provide Harry with a safe place to work, all Harry alleges in his complaint is that J.T. Magen and/or RXR failed to provide Harry with adequate hoists or other lifting equipment, which has nothing to do with ladders (Exhibit 10).  Moreover, while the bill of particulars alleges that the defendants failed to provide a proper height related device, it does not allege that the ladder was defective or that Toprock was

responsible for such a hazard.  Since there is no proof that the accident report was prepared with someone who had first-hand knowledge, it is inadmissible and has no relevance to the issues at hand.  *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 239 (2d Cir. 1999); *Agriculture Ins Co., Inc. v. ACE Hardware Corp.*, 214 F. Supp.2d 413, 415-16 (SDNY 2022); *Astorga v. Allstate Oil Recovery, Co,*, 2018 WL 1441377 at *3 (SDNY 2018).

In addition, there is nothing that indicates that the Purchase Order between J.T. Magen and Toprock contract was made, signed, and executed at the time of the Accident and therefore it, too, is inadmissible has no relevance.  Even assuming, *arguendo,* that the Purchase Order is admissible, it nevertheless does not provide any support for Travelers' position as there is no indication that the ladder was necessary for Toprock's work or that the ladder was actually supplied by Toprock.

In sum, there is nothing to suggest the possibility that the accident was caused in whole or in part by Toprock's acts or omissions and therefore, no duty to defend is triggered.

Although Travelers does not argue that CBSIC somehow waived its right to dispute the additional insured coverage allegedly owed to J.T. Magen and RXR, Travelers does refer to an email wherein a claims representative on behalf of CBSIC agreed to "accept your tender on a primary and non-contributory basis."  (Exhibit 7 to Plaintiff's Statement of Material Facts).  Such erroneous statement does not act as a waiver, nor does it bind CBSIC to provide coverage.  *See, e.g., Palazzo v. Hartford*, 10 A.D.3d 711, 712 (2d Dept. 2004) ("Contrary to the plaintiffs' contentions, an erroneous statement of a claims representative employed by Hartford that Corio was an insured under the insurance policy of their insured, Corio's grandparents, did not raise an issue of fact as to Corio's residence, and could not create coverage where none existed."); *Ward v. County of Alleghany*, 34 A.D.3d 1288 (4th Dept. 2006).

Accordingly, CBSIC respectfully requests that this Court deny Plaintiff's request that CBSIC afford a defense J.T. Magen and RXR as additional insureds on the CBSIC Policy.

**POINT II**

**IN THE ALTERNATIVE, TRAVELERS DUTY TO DEFEND IS NOT EXCESS OVER CBSIC'S DUTY TO DEFEND; RATHER THE TWO INSURERS CO-INSURE J.T. MAGEN AND RXR**

Travelers relies upon the "other insurance" clauses contained within its policy to argue that CBSIC's duty to defend J.T. Magen and RXR is excess to CBSIC's duty to defend. Such argument is incorrect.

It has long been settled that where two or more policies insure the same risk, to determine the priority of those policies, courts look to the "Other Insurance" clauses contained in the policies. *See, e.g., Great Northern Ins. Co. v. Mount Vernon Fire Ins. Co.*, 92 N.Y.2d 682 (1999). This rule does not apply, however, where the two insurance policies to not insure the same risk. *Allstate Ins. Co. v. Aetna Cas. & Sur Co.*, 326 F.2d 871, 876 (2d Cir. 1964); *Axis Constr. Corp. v. Travelers Ind. Co.*, 2021 WL 3912562 (EDNY 2021); *HRH Constr. Corp. v. Commercial Underwriters Ins. Co.*, 11 A.D.3d 321, 323 (1st Dept. 2004). *See also, Pennsylvania Mfrs. Ass'n v. Liberty Mut. Ins. Co.*, 39 A.D.3d 1161, 1162 (4th Dept. 2007). Further, resort to "Other Insurance" clauses is impermissible where to do so "distort[s] the meaning of the terms of the policies." *State Farm v. LiMauro*, 65 N.Y.2d 369, 374 (1985).

The Travelers and CBSIC Policies do not insure the same risk. The Travelers Policy provides aggregate coverage totaling $6 million, while the CBSIC Policy provides aggregate coverage totaling $2 million. So too, while the CBSIC Policy has only six specific additional insured endorsements, in keeping with J.T. Magen's status as a general contractor for numerous jobs, the Travelers policy provides additional insured coverage for hundreds of projects and

hundreds of specific, different additional insureds. Because the Travelers Policy provides specific coverage for hundreds of jobs, it clearly does not insure the same risk as the CBSIC Policy. [1]

Further, although Travelers issued its policy to J.T. Magen as a named insured, it is providing additional insured coverage to RXR as an additional insured. The risk insured by Travelers for J.T. Magen and RXR is not the same as the risk insured by CBSIC. As a result, this Court cannot rely upon the "Other Insurance" clauses contained in the CBSIC and Travelers policies to determine the priority of coverage between the two as respects their obligations towards Axis. Rather, in this situation, assuming, *arguendo*, that CBSIC is found to owe additional insured coverage to J.T. Magen and RXR, because the two insurers both provide primary insurance for different risks, they are obligated to contribute equally towards the defense and indemnification of Axis. *See, Hawthorne v. South Bronx*, 78 N.Y.2d 443 (1991).

Even assuming, *arguendo*, that the CBSIC Policy is found to provide additional insured coverage to J.T. Magen and RXR and this Court believes that the two policies insure the same risk, the Travelers Policy is ambiguous; the contract between J.T. Magen and RXR requires that J. T. Magen provide primary and non-contributory coverage for the benefit of RXR; and therefore, the Travelers Policy and the CBSIC Policy co-insure RXR. *Travelers v. Wesco*, 2022 WL 376147 (SDNY February 8, 2022).

This recently decided case involved the interpretation of similar Travelers policy terms as are at issue herein. To this end, in the *Wesco* matter, Travelers issued a policy of insurance to J.T. Magen which was providing additional insured coverage to the owner of a construction site, Broadway 52nd LP ("Broadway") pursuant to both a Scheduled Person additional insured

---

[1] The decision in *Travelers v. Wesco*, 2022 WL 376147 (SDNY February 8, 2022) is not to the contrary since the parties did not raise the gross disparity between the coverage provided by Travelers and the coverage provided by Wesco.

endorsement identical to the one through which Travelers provides additional insured coverage to RXR; and a Blanket Additional Insured Endorsement like the one quoted above. The Travelers Policy in that matter also contained an amendment to the "Other Insurance" clause which purported to place any coverage provided by Travelers to an additional insured excess to other insurance also providing additional insured coverage even where the contract conferring additional insured coverage required that such coverage be primary and non-contributory. After finding the Travelers policy language ambiguous, the Court looked to the contract between Broadway and J.T. Magen:

> The best extrinsic evidence of the parties' intent with respect to Travelers' coverage of Broadway is the contract between Broadway and JT Magen, Travelers' primary insured. . Schedule B of that contract clearly required JT Magen to include Broadway as an additional insured under its commercial general liability policy on a primary and non-contributory basis. *See* Gershweir Decl. at Ex. A at Schedule B ¶ A2. The contract between JT Magen and Broadway, coupled with the Blanket Additional Insured Endorsement, evinces an unambiguous intent to provide Broadway with primary coverage . . Accordingly, Wesco and Travelers have a co-primary duty to defend Broadway.

Accordingly, to the extent that CBSIC is found to provide additional insured coverage to RXR and J.T. Magen, and the Court believes that the "Other Insurance" clauses control the priority of coverage between the two insurers, CBSIC and Travelers co-insure RXR.

## POINT III

### TO THE EXTENT THAT CBSIC IS FOUND TO PROVIDE A DEFENSE TO RXR AND J.T. MAGEN, A HEARING IS REQUIRED TO DETERMINE THE AMOUNT AND REASONABLENESS OF THE PAST FEES TO WHICH TRAVELERS IS ENTITLED AND TO DETERMINE HOW TO STRUCTURE THE DEFENSE MOVING FORWARD

Whether CBSIC and Travelers co-insure only RXR or both RXR and J.T. Magen, there exists a whole host of complicated questions about how much CBSIC would be obligated to reimburse Travelers for past defense costs since the same counsel is defending both entities (See Exhibit 4 to Plaintiff's Statement of Material Facts). Since Travelers did not submit the invoices for this Court's review, this Court cannot determine what fees were incurred to defend RXR that

might need to be split between Travelers and CBSIC.  Since Travelers did not submit the invoices, this Court also cannot determine the reasonableness of the charges.  *Harrington Haley LLP v. Nutmeg Ins. Co.*, 39 F. Supp.2d 403 (SDNY 1999).  Both issues therefore need to be referred for a fee hearing.  *See, e.g., Ford Motor Credit Co. v. Meehan*, 2021 WL 7906560 (EDNY 2020).

Indeed, it has long been held that a "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Cruz v. Local Union 3*, 34 F.3d 1148, 1160 (2d Cir. 1994).  *See also, UPS v Lexington*, 983 F. Supp.2d 258, 268 (SDNY 2013) ("Because UPS has not submitted invoices for its defense costs and litigation expenses, a specific award of damages for breach of contract cannot be made at this time.") Such determination must occur in the course of a damages inquest.  *Arch Specialty v. Farm Family*, 238 F. Supp. 3d 604, 616 (SDNY 2017).  As explained in that action:

> Vinciguerra attests that, "Arch retained the law firm of O'Connor Redd LLP to defend the Tendering Parties in the underlying action. To date, Arch has incurred attorneys' fees and related defense costs totaling $29,744.02 and continuing." (Vinciguerra Decl. ¶ 25.) However, beyond this affidavit, Arch has provided no documentary evidence of the defense costs it has actually incurred. Thus, having concluded that Arch is entitled to reimbursement from Farm Family, the Court hereby refers this case to Magistrate Judge Gorenstein for a damages inquest to determine the monetary award to which Arch is entitled.."

Moreover, Plaintiff cannot be permitted to submit proof of such fees in reply, since that would not permit CBSIC to mount any challenge to any of the fees.  *Clubside, Inc. v. Valentin*, 468 F.3d 144, fn 5 (2d Cir. 2006); *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999); *See also, In Re Platinum-Beechwood Litigation*, 469 F. Supp.3d 105, fn 15 (SDNY 2020);  *Pablo Star Ltd. v. Welsh Gov't*, 378 F. Supp.3d 300 (SDNY 2019).

Accordingly, if this Court grants Plaintiff's motion, then it must, respectfully, schedule a damages inquest to determine the amount to which Plaintiff is entitled.

## CONCLUSION

By reason of the foregoing, CBSIC respectfully submits that it does not owe a defense to J.T. Magen and RXR; that if it does owe such a defense, it only owes that defense on a co-primary basis with Travelers; and that a fee hearing should be scheduled to determine the amount of past fees and a determination of how to structure the defense going forward must also be determined at that time.

WHEREFORE, it is respectfully requested that this Court deny Plaintiff's Motion for Partial Summary Judgment in its entirety; and for such other and further relief as is just and equitable.

Date:   New York, New York
       May 23, 2022

                      STONBERG MORAN, LLP
                      Attorneys for Defendant
                      CLEAR BLUE SPECIALTY INSURANCE
                      COMPANY, sued herein incorrectly as
                      CLEAR BLUE INSURNCE COMPANY

By:                               
                      Sherri N. Pavloff
                      505 Eighth Avenue, Suite 2302
                      New York, New York   10018
                      (212) 231-2220
                      File No.: 40246
                      Sherri.pavloff@stonbergmoran.com

TO:

Meg R. Reid, Esq.
Lisa Szczepanski, Esq.
Attorneys for Plaintiff
The Travelers Property Casualty Company
of America
Main: 917.778.6680
Fax: 844.571-3789
mrreid@travelers.com
LSZCZEPA@travelers.com