UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR BLUE INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:21-cv-04721-PGG<br><br>[~~PROPOSED~~]<br>**STIPULATED**<br>**CONFIDENTIALITY**<br>**AGREEMENT AND**<br>**PROTECTIVE ORDER** |

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with damages discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Damages Discovery Material" (i.e., information of any kind produced or disclosed in the course of damages discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose

1

such Confidential Damages Discovery Material to anyone else except as this Order expressly permits:

2.   The Party or person producing or disclosing Damages Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)   material subject to attorney-client privilege and/or work product protection in connection with the lawsuit *Bentley Harry v. J.T. Magen & Company Inc., et al.*, in the Supreme Court of the State of New York, County of New York, Index No. 157592/2020 (the "Underlying Action");

(b)   information relating to rates, fees, and/or retainers charged by any defense counsel, consultants, vendors, and/or experts in connection with the Underlying Action;

(c)   information relating to audits of any charges described in subparagraph 2(b) above;

(d)   any information of a personal or intimate nature regarding any individual; or

(e)   any other category of information this Court subsequently affords confidential status.

3.   With respect to the Confidential portion of any Damages Discovery Material, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Damages Discovery Material with the confidential information redacted.

4.   If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Damages Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising

2

all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Damages Discovery Material as Confidential.

   5.  Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

   6.  Where a Producing Party has designated Damages Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

  (a)  the Parties to this action, except for employees and representatives of Clear Blue Insurance Company assigned to any party adverse to J.T. Magen & Company Inc. and/or RXR Realty LLC in the Underlying Action;

  (b)  counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

  (c)  any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u> hereto;

  (d)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  (e)  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u> hereto;

  (f)  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person

has first executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u> hereto; and

(g) this Court, including any appellate court, its support personnel, and court reporters.

7. Before disclosing any Confidential Damages Discovery Material to any person referred to in subparagraphs 7(c), 7(e), or 7(f) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u> hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at inquest or trial) or at the conclusion of the case, whichever comes first.

8. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 120 (2d Cir. 2006).

9. The Court also retains discretion whether to afford confidential treatment to any Damages Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Damages Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. In filing Confidential Damages Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Damages Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

13. Recipients of Confidential Damages Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Damages Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Damages Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Damages Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Damages Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action and the Parties may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Damages Discovery Material. Any such archival copies that contain or constitute Confidential Damages Discovery Material remain subject to this Order.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Damages Discovery Material is produced or disclosed.

18. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

USERY & ASSOCIATES

By: Lisa Szczepanski
*Attorneys for Travelers Property Casualty Company of America*
Mailing Address:
P.O. Box 2996
Hartford, CT 06104
T. (917) 778-6680
F. (844) 571-3789
E. lszczepa@travelers.com

STONBERG, HICKMAN & PAVLOFF, LLP

By: Sherri N. Pavloff
*Attorneys for Clear Blue Insurance Company*
505 Eighth Ave., Ste. 2302.
New York, NY 10018
T. (212) 231-2220
F. (646) 349-3528
E. sherri.pavloff@shplawyers.com

**SO ORDERED**
on this 7th day of October, 2024.

_____
HON. PAUL G. GARDEPHE, U.S.D.J.

7

Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR BLUE INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:21-cv-04721-PGG<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Damages Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Damages Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____
                                            [Name]